# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff,**<br><br>V.<br><br>**GEORGE HARRISON,**<br>    **Defendant.** | **CRIMINAL ACTION NO. 5:19-143-KKC**<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

Defendant George Harrison has moved [DE 84] the Court to exclude certain video and audio recordings (USA-1, USA-34-36, USA-19-20, USA-72-73, USA-211, and USA, 212) and text messages (USA 213-220).

Harrison is charged with three counts of distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, one count of possessing with intent to distribute 500 grams or more of such a substance, and with being a felon in possession of a firearm. Trial in this matter is set to begin May 4, 2021.

The recordings at issue include statements by a cooperating witness referred to as B.B., who is now deceased. Harrison argues that, because B.B. cannot be cross examined at trial, presenting B.B.'s recorded statements to the jury would violate his Sixth Amendment right to confront witnesses against him. U.S. Const. amend. VI.

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Sixth Amendment provision bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant . . . had a prior opportunity for cross-examination." *Id*. at 53-54. However, the Confrontation Clause "does

not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id*. at 59 n. 9; *see also United States v. Pug*h, 405 F.3d 390, 399 (6th Cir. 2005).

On the recordings at issue, B.B. makes statements to both non-law enforcement personnel, including Harrison, and to law enforcement officers.

As to statements by the confidential informant to Harrison and other non-law enforcement personnel, these statements are not testimonial because they "are not remotely equivalent to in-court testimony or its equivalent, and are even further from being formalized testimonial material." *United States v. Burden*, 600 F.3d 204, 224 (2nd Cir. 2010). Even if B.B. knew that the statements he made on the tape could be used at trial, none of B.B.'s statements was "spoken for the purpose of accusing." *Id*. at 225 (citing *Davis v. Washington*, 547 U.S. 813, 817-18 (2006). Instead, his statements to Harrison and other non-law enforcement personnel were made for the purpose of eliciting statements from the others, "and anything he said was meant not as an accusation in its own right but as bait." *Id*. Thus, B.B.'s statements on the recordings are not within the "core class of testimonial statements" described in *Crawford*, even when one accounts for his knowledge that the statements could be used at trial. *Id*.

In support of his argument that B.B.'s statements are "testimonial," Harrison cites Sixth Circuit cases involving statements by confidential informants to law enforcement personnel that accuse the defendant of wrongdoing. The statements at issue in those cases did not involve surreptitious recordings by a confidential informant of his discussions with the defendant.

For example, in *United States v. Hearn*, 500 F.3d 479 (6th Cir. 2007), the confidential informants' statements were made directly to law enforcement authorities and accused the

defendant of possessing a large quantity of illegal drugs that he intended to sell at an upcoming rave party in Nashville. "Thus, through the two police officers testifying under the guise of providing a limited explanation for why officers stopped [the defendant's] car, the government was able to establish that informants had told police that [the defendant] intended to sell the drugs and personally moved the drugs from his residence to his car." *Id*. at 482.

The court found a violation of the Confrontation Clause because the defendant "did not have an opportunity to cross-examine the confidential informants who, through the police offers, were able to accuse [the defendant] of intending to traffic drugs." *Id*. at 484. The court noted that "this case involves specific accusations" against the defendant that "went beyond 'setting the scene.'" *Id*.

Harrison also cites *Pugh*. That case involved an incarcerated individual's statements to law enforcement officers that identified that defendants as the individuals who robbed a bank. The court noted that "an accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id*. at 399 (quoting *United States v. Cromer*, 389 F.3d 662, 671 (6th Cir. 2004)). The court determined that the statement identifying the defendants was testimonial because 1) it was given during a police interrogation; 2) it involved a "formal statement to government officers"; and 3) the individual making the statement could reasonably anticipate her statement being used against the accused in investigating and prosecuting the crime because the statement "positively identified possible suspects in a picture of the crime scene." *Id*.

In *Cromer*, an officer was permitted to testify about the physical description that a confidential informant gave her regarding an alleged drug distributor, which matched the

3

defendant. The Court determined that "the Confrontation Clause refers to those who bear testimony against an accused." 389 F.3d at 674. "[S]tatements made to the authorities who will use them in investigating and prosecuting a crime made with the full understanding that they will be so used are precisely the sort of accusatory statements the Confrontation Clause was designed to address." *Id*. (internal quotations, ellipsis, and citation omitted). Thus, "a statement made knowingly to the authorities that describes criminal activity is almost always testimonial." *Id.* at 675 (citation omitted). "The allowance of anonymous accusations of crime without any opportunity for cross-examination would make a mockery of the Confrontation Clause." *Id*.

The recorded statements by the informant to Harrison and other non-law enforcement personnel, however, are not testimonial. They were not spoken for the purpose of accusing Harrison of wrongdoing. Instead, as in *Burden*, they were made for the purpose of eliciting statements from others.

Further, even if the informant's statements to Harrison and other non-law enforcement personnel could be viewed as testimonial, they are admissible if not introduced to prove "the truth of the matter asserted" by the informant. Even testimonial statements are admissible if necessary to "put the statements of the other parties to the conversations 'into perspective and make them intelligible to the jury and recognizable as admissions.'" *United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005) (quoting *United States v. McDowell*, 918 F.2d 1004, 1007 (1st Cir.1990)). *See also United States v. Rios*, 298 F. App'x 312, 314 (5th Cir. 2008) ("The statements of the confidential information on the recordings were part of an integrated and reciprocal conversation with [the defendant] . . . Accordingly, the statements of the confidential informant on the recording and transcript were admitted to provide context to [the defendant's] statements, were not admitted to prove the truth of the

4

matters asserted therein, and did not violate the Confrontation Clause or the hearsay rule."); *United States v. Wilson*, 238 F. App'x 571, 574 (11th Cir. 2007) ("The admission of the recordings was proper because the confidential informant's statements were not admitted for the truth of what he said, but rather for context.")

Harrison does not identify any particular statements by B.B. in the recordings that will be offered only to prove the truth of the matter asserted by B.B. The Court has reviewed the recordings. B.B.'s statements to Harrison and other non-law enforcement personnel were made as part of an integrated and reciprocal conversation and only provide context for Harrison's statements, which are admissible. *United States v. Jones*, 205 F. App'x 327, 342 (6th Cir. 2006).

While the Court does not consider the informant's statements to non-law enforcement personnel to be testimonial, out of an abundance of caution, should the defendant request it, the Court will consider instructing the jury that they are not to consider any of the informant's statements as establishing the truth of the matter asserted by him but instead should consider them only to provide context for Harrison's statements.

Some of the recordings include statements made by the confidential informant to law enforcement personnel about his purchase of controlled substances from Harrison. These statements are testimonial – they are made to law enforcement personnel for the purpose of accusing Harrison of selling controlled substances. These portions of the recordings may not be presented to the jury.

As to the text messages, they appear to be texts between the informant and law-enforcement personnel. The Court will reserve ruling on the exclusion of these until it is clear how the government intends to use the texts. With the texts, the informant appears to be merely providing information as to the times that Harrison is available to meet with the

informant and updates on the informant's ability to meet with Harrison at a particular time. It does not appear to the Court that they would be used to prove the truth of the matter asserted. Statements used merely to provide "background" or to explain "how certain events came to pass or why the officers took the actions they did" is not offered for the truth of the matter asserted. *Cromer*, 389 F.3d at 676. Nevertheless, based on the record before it, the Court can make no finding regarding whether the statements in the texts are testimonial. Nor does the Court understand why the introduction of the texts would be necessary.

Accordingly, the Court hereby ORDERS as follows:

1) Harrison's motion to exclude audio and video recordings and texts [DE 84] is GRANTED in part and DENIED in part and DEFERRED in part as follows:

    a) the motion is GRANTED as to any statements on the recordings by the confidential informant to law enforcement personnel that accuse Harrison of engaging in illegal activity. Any such statements SHALL NOT be presented to the jury in the government's case in chief; and

    b) the motion is DENIED as to any statements on the recordings by the confidential informant to non-law enforcement personnel, including Harrison; and

    c) the Court reserves ruling on the admissibility of the confidential informants' texts until the government provides more information regarding the need for the evidence to be presented to the jury and the manner by which the government proposes to use them. Before introducing the texts, the government must approach the bench for approval.

The Court notes that this opinion addresses defendant's arguments that the recordings should be excluded on Confrontation Clause grounds. This opinion makes no findings regarding whether the recordings should be excluded on other grounds.

Dated April 27, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY